RICHARD M. MALCOM, demandant, *against* THOMAS GARDNER, tenant.

WRIT OF RIGHT, in the same form as that in the preceding cause,(*a*) for lands in the 10*th ward* of the city of *New-York.* Return in the same form,(*b*) except that the proclamations were returned as being made at a church in the 7*th ward of the city of New-York, being the nearest church to the premises within mentioned.* And because it did not say there was no church in the 10*th ward, Slosson* and *T. A. Emmet,* took exception, on the tenant being called, and insisted that a *grand cape* could not go.

*P. W. Radcliff,* for demandant. The statute (1 *R. L.* 88,) is, that proclamation shall be made at the nearest church in the *town* or *place.* *Place* is here substituted for *parish,* in 31 *Eliz. c.* 3, and was probably intended to provide for proclamation in our *cities.* It does not follow, therefore, that the legislature intended to confine the proclamation to the *particular ward* where the land lies. If this was intended, why did not the legislature say so ? Not having done this, it is enough that the proclamation was at the church *nearest* the lands in the city.

*W. Slosson* and *T. A. Emmet,* contended that the words *town* and *ward* are synonymous ; and that the word *place* was same. If the return be defective, an *alias* summons goes. Form of the rule

*In a real action, it is not enough to return proclamation made in the city nearest where the lands lie. But it must appear to have been made at the church, in the ward nearest the land.— If there be no church there, this should appear upon the return, to warrant proclamation out of the ward.— Town & ward signify the same thing for the purposes of proclamation. "Place," as used in the statute, requiring proclamation, means any small subdivision, answering to a town, or being substantially the same case.*

(*a*) Ante, p. 1.        (*b*) Ante, p. 2.

intended to embrace the particular *precinct* where the land is situate, be it *ward* or *village*. Town and *ward* are treated as synonymous in the act for regulating elections, (*Sess.* 36, *ch.* 41, *s.* 2, 3, 4, 6, 8, &c. 2 *R. L.* 248 to 251, &c.) In *Ragister's case*, (*Cro. Eliz.* 472,) the land was in *North-umberland* county ; but the *church* of the *parish*, where it lay, was in *Newcastle* county, and yet, it was ruled that it ought to have been at the *parish church door*, although it was in another county than where the land lay.

*Curia.* We think that *town* and *place*, as they are used in this statute, mean the same thing, and refer to any small sub-division answering to a *town*, or being substantially the same. That it is the same, for the purposes of election, is one in-stance. In this view of the case, proclamation should have been made at the church nearest the land in the 10*th ward*, if there be any church in that ward ; and, if there be none, this should be stated in the return, to warrant a proclama-tion out of the ward.

The Court granted leave to amend in this case, also, but as there was in truth a church in the 10th ward, *Radcliff* took a rule for an *alias summons*, which was entered in the minutes of the Court, thus :

" *Richard M. Malcom*, demandant,
         *v.*
*Thomas Gardner*, tenant.      *May* 8*th*, 1823. On a writ of right. The demandant, *Richard M. Malcom*, being, &c. (*appearance, as ante, p.* 12) and the Sheriff's return on the writ, in this cause, being inspected by the Court, and being in the words and figures following : (*The whole return is then set forth verbatim ;*) and the Court being of opinion that the proclamation in the said return mentioned was not made according to law, it is thereupon, on like motion, order-ed, that an *alias summons*, in this cause, issue to the Sheriff of the city and county of *New-York*, returnable in this Court, on the first *Monday* of *August* next, at the *Academy*, &c."(*c.*)

(*c*) Returns are nothing else but the Sheriff's answer, touching that which they are commanded to do by the King's writ. They must be made according to the *ancient course* and according to the *precedents*, and by

the *usual words,* otherwise, they are not good. (*Dalt. Sheriff.* 162.) And *vid. ib.* 162 to 178, and also *Imp. Sheriff,* 380 to 488, where almost every variety of return is given and considered. Every return ought to answer the point of the writ, and, it is said, ought to be certain to every intent, as a declaration ought to be ; and the Sheriff is bound to take knowledge of the law in making his return ; but as the return of the Sheriff is only to ascertain to the Court the truth of the matter, it requires not such precise certainty as is required in pleading. (*Imp. Sheriff,* 378. *Vid.* 8 *Co.* 127, 128.)