J-S31007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
ZACHARY T. WILSON :
:
Appellant : No. 2988 EDA 2017

Appeal from the PCRA Order August 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0929501-1986

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 17, 2018**

Appellant, Zachary T. Wilson, appeals *pro se* from the order denying his

petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541–9546. We affirm.

The PCRA court summarized the factual and procedural issues of this

case as follows:

> [Appellant] Zachary Wilson was tried and convicted of first
> degree murder on January 7, 1988, and was sentenced to death
> for the 1981 shooting of Jamie Lamb. The Pennsylvania Supreme
> Court upheld this conviction on November 9, 1994.
> *Commonwealth v. Wilson*, 649 A.2d 435 (Pa. 1994). [Appellant]
> subsequently filed a petition under the Post–Conviction Relief Act
> and the [c]ourt's denial of the petition was upheld on appeal on
> November 19, 2004. *Commonwealth v. Wilson*, 861 A.2d 919 (Pa.
> 2004). [Appellant] subsequently filed a federal petition for a writ
> of *habeas corpus* based on alleged *Brady* violations by the
> prosecution. The federal district court granted [Appellant's]
> petition on August 9, 2006, and was upheld on appeal on
> December 23, 2009. *Wilson v. Beard*, 589 F.3d 651 (3rd Cir.
> 2009). [Appellant] was subsequently retried in April 2013, with

the Commonwealth no longer seeking the death penalty. That trial resulted in a hung jury. Thereafter, the matter was reassigned to the undersigned trial judge.

On April 1, 2014, following a jury trial before this [c]ourt, [Appellant] was again convicted of one count each of first degree murder (18 Pa.C.S. § 2502) and possessing an instrument of crime (18 Pa.C.S. § 907). The [c]ourt immediately imposed the mandatory sentence of life in prison for the murder charge (18 Pa.C.S. § 1102(a)(1)), with no further penalty on the charge of possessing an instrument of crime. [Appellant] filed post–sentence motions, which the [c]ourt denied on July 24, 2014. On [June 3, 2016], the Superior Court affirmed [Appellant's] judgment of sentence. [Appellant] was represented at trial, at sentencing, and on direct appeal by Michael Wiseman, Esquire and Benjamin Marshal, Esquire.

[Appellant] then filed a *pro se* petition under the Post - Conviction Relief Act ("PCRA") on July 26, 2016. David Rudenstein, Esquire[,] was appointed to represent [Appellant] on January 6, 2017. On May 25, 2017, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), Mr. Rudenstein filed a letter stating there was no merit to [Appellant's] claims for collateral relief. *See Finley* Letter of David Rudenstein, filed 5/25/2017 ("Finley Letter"). On June 23, 2017, the [c]ourt issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice"), of its intention to dismiss [Appellant's] PCRA Petition without an evidentiary hearing. [Appellant] responded to the [c]ourt's 907 Notice on July 19, 2017. On August 25, 2017, the [c]ourt formally dismissed [Appellant's] PCRA Petition and granted Mr. Rudenstein's motion to withdraw his appearance.

[Appellant timely] . . . appealed the [c]ourt's dismissal of his PCRA Petition, raising a total of 22 issues, some duplicative, in a Statement of Errors and a Supplemental Statement of Errors. *See* 1925 (b) Concise Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶¶ A-J; Supplement 1925 (b) Concise Statement of Matters Complained of on Appeal ("Supplemental Statement of Errors") at ¶11 A-L.

PCRA Court Opinion, 12/18/17, at 1-2.

Appellant presents the following issues for our review, which we restate here verbatim:

A. WHETHER APPELLANT SHOULD BE GRANTED AN ARREST OF JUDGMENT/DISMISSAL AS HE WAS WRONGFULLY PROSECUTED GIVEN THAT THE MUNICIPAL COURT [JUDGE LIPSCHUTZ] DISMISSED HIS CASE WITH PREJUDICE [AND DISCHARGED HIM] ON MAY 27, 1982 [AND THE COMMONWEALTH FAILED TO FILE A RULE 132 MOTION AND OBTAIN APPROVAL FOR THE REINSTITUTING OF THE DISMISSED CASE NEARLY 5 YEARS LATER, AS REQUIRED BY PA.R.CRIM.P. 544 (A -B), DUE PROCESS AND THE EQUAL PROTECTION OF THE LAW]?

B. WHETHER APPELLANT SHOULD BE GRANTED RELIEF IN SOME FORM GIVEN THAT THE SUPERIOR COURT MISCONSTRUED THE FACTS OF THE CASE AND WAS LEAD TO RELY ON FABRICATED AND/OR [KNOWINGLY USED] PERJURED TESTIMONY [NEVER CORRECTED BY THE COMMONWEALTH]?

C. WHETHER THE TRIAL COURT LACKED SUBJECT-MATTER JURISDICTION TO PROCEED TO THE MERITS OF APPELLANT'S ISSUES WHEN APPELLANT WAS ON DIRECT APPEAL AND APPELLANT COUNSEL FAILED TO CONSULT APPELLANT ABOUT FILING A PETITION FOR ALLOWANCE OF APPEAL TO THE PENNSYLVANIA SUPREME COURT TO REVIEW ISSUES E-J BELOW AND APPELLANT FILED A TIMELY PCRA PETITION RAISING THOSE ISSUES SHOWING HE DESIRED COUNSEL TO FILE A PETITION FOR ALLOWANCE OF APPEAL ON DIRECT APPEAL?

D. WHETHER THE PCRA COURT ERRED IN FILING TO GRANT AN APPEAL NUNC PRO TUNC FOR APPELLANT TO FILE A PETITION FOR ALLOWANCE OF APPEAL TO THE PENNSYLVANIA SUPREME COURT WITH THE APPOINTMENT OF NEW COUNSEL IN LIGHT OF APPELLANT COUNSEL'S FAILURE TO DO SO AND PCRA COUNSEL'S FAILURE TO FILE AN AMENDED PETITION RAISING ALL PRIOR COUNSELS' (TRIAL AND APPELLANT) INEFFECTIVENESS?

E. WHETHER THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S PRE-TRIAL MOTIONS TO BAR RE-

- 3 -

PROSECUTION ON DOUBLE JEOPARDY GROUNDS OR, ALTERNATELY, TO CONDUCT A HEARING ON WHETHER THE PROSECUTOR INTENTIONALLY WITHHELD BRADY EVIDENCE [IN LIGHT OF THE SUPREME COURT'S FEBRUARY 28, 2017 DECISION RENDERED IN COMMONWEALTH-V-JAWAYNE K. BROWN; COMMONWEALTH -V -RICHARD BROWN; AND COMMONWEALTH-V-AQUIL BOND, 2017 PA.LEXIS 476 (NO. 384 EAL 2016, NO. 385 EAL 2016, NO. 386 EAL 2016) AND NO FACTUAL FINDINGS EVER BEING MADE BY THE ORIGINAL TRIAL JUDGE, OR A HEARING ON FURTHER TESTIMONY, REGARDING THE INTENT OF THE PROSECUTOR]?

F.     WHETHER THE TRIAL COURT ERRED AND VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS WHEN IT EXCLUDED DEFENSE WITNESSES WHO WOULD HAVE PLACED AN INCULPATORY STATEMENT IN PROPER CONTEXT, THUS CHALLENGING THE COMMONWEALTH'S THEORY THAT THE STATEMENT SHOWED CONSCIOUSNESS OF GUILT?

G.     WHETHER THE TRIAL COURT ERRED WHEN IT ADMITTED MICHAEL PATTERSON'S TESTIMONY THAT "TURTLE" TOLD HIM THAT APPELLANT WAS THE SHOOTER AND OTHER TESTIMONY SUGGESTING THAT TURTLE WAS AN EYEWITNESS WITH THE ERROR ALLOWING THE COMMONWEALTH TO BENEFIT FROM ITS EARLIER BRADY VIOLATIONS ALL VIOLATING DUE PROCESS OF LAW AND THE RIGHT TO CONFRONTATION?

H.     WHETHER THE TRIAL COURT ERRED WHEN IT ADMITTED PRIOR STATEMENTS OF EDWARD JACKSON THAT IMPROPERLY BOLSTERED HIS IN COURT TESTIMONY?

I.     WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ADMITTED A PORTION OF THE APPELLANT'S 1988 PENALTY PHASE TESTIMONY WHICH SAID TESTIMONY VIOLATING THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW BECAUSE IT WAS THE PRODUCT OF EARLIER BRADY VIOLATIONS?

J.     WHETHER THE TRIAL COURT ERRED WHEN IT DENIED MOTIONS MADE DURING AN AFTER TRIAL FOR DISCOVERY OF THE MEDICAL REASONS FOR THE FIVE-DAY DELAY OF EDWARD JACKSON'S TESTIMONY?

K.     WHETHER TRIAL AND APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AMENDMENT, FOR FAILING TO: (1) PROVIDE EVIDENCE IN THE RECORD ON APPEAL TO SUPPORT HIS JUDGE BRONSON ERRED IN FAILING TO ALLOW THE DEFENSE TO INQUIRE INTO THE MEDICAL RECORDS OF EDWARD JACKSON TO DETERMINE WHETHER HE HAD A PROBLEM WITH ALCOHOL AND DRUGS, EVIDENCE THAT APPEARED AT THE NOVEMBER 24, 1997 PCRA HEARING AND ESTABLISHED THAT THE COMMONWEALTH HAD DELIBERATELY MISLED THE APPELLATE COURT IN ITS APPELLEE BRIEF IN REGARDS TO JACKSON'S ALCOHOL AND DRUG PROBLEM; AND (2) CONSULT WITH APPELLANT ABOUT FILING A TIMELY PETITION FOR ALLOWANCE OF APPEAL IN THE PENNSYLVANIA SUPREME COURT AND CERTIORARI ON DIRECT APPEAL, WHERE APPELLANT FILED A TIMELY PCRA PETITION RAISING THE SAME CLAIMS AND SHOWING HIS DESIRE TO DO SO ?

L      WHETHER PCRA COUNSEL RENDERED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AMENDMENT, IN FAILING TO FILE AN AMENDED PETITION TO RAISE THE INEFFECTIVE ASSISTANCE OF ALL PRIOR COUNSEL?

Appellant's Brief at vi-vii.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super.2013). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

We have reviewed the briefs of the parties, the relevant law, the certified record before us, and the PCRA court's opinion. We conclude that the record supports the PCRA court's determination, and we discern no error in its analysis. Accordingly, we affirm the August 25, 2017 order based on the PCRA

- 5 -

court's opinion, and we adopt its analysis and reasoning as our own.[1]  The parties are directed to attach a copy of the PCRA court's December 18, 2017 opinion in the event of further proceedings in this matter.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/18

---

[1] We note that the order in which the PCRA court addressed Appellant's issues varies from the order of Appellant's issues listed in his Statement of Issues Involved.  Nevertheless, the PCRA court addressed each of Appellant's issues.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA                          :          CP-51-CR-0929501-1986

                                      :

        v.                            :

                                      :

ZACHARY WILSON                        :

CP-51-CR-0929501-1986 Comm. v. Wilson, Zachary
Opinion

8045960671

OPINION

BRONSON, J.                                      December 18, 2017

Defendant Zachary Wilson was tried and convicted of first degree murder on January 7, 1988, and was sentenced to death for the 1981 shooting of Jamie Lamb. The Pennsylvania Supreme Court upheld this conviction on November 9, 1994. *Commonwealth v. Wilson*, 649 A.2d 435 (Pa. 1994). Defendant subsequently filed a petition under the Post-Conviction Relief Act and the Court's denial of the petition was upheld on appeal on November 19, 2004. *Commonwealth v. Wilson*, 861 A.2d 919 (Pa. 2004). Defendant subsequently filed a federal petition for a writ of *habeas corpus* based on alleged *Brady* violations by the prosecution. The federal district court granted defendant's petition on August 9, 2006, and was upheld on appeal on December 23, 2009. *Wilson v. Beard*, 589 F.3d 651 (3rd Cir. 2009). Defendant was subsequently retried in April 2013, with the Commonwealth no longer seeking the death penalty. That trial resulted in a hung jury. Thereafter, the matter was reassigned to the undersigned trial judge.

On April 1, 2014, following a jury trial before this Court, defendant was again convicted of one count each of first degree murder (18 Pa.C.S. § 2502) and possessing an instrument of crime (18 Pa.C.S. § 907). The Court immediately imposed the mandatory sentence of life in prison for the murder charge (18 Pa.C.S. § 1102(a)(1)), with no further penalty on the charge of possessing an instrument of crime. Defendant filed post-sentence

motions, which the Court denied on July 24, 2014. On July 6, 2016, the Superior Court affirmed defendant's judgment of sentence. Defendant was represented at trial, at sentencing, and on direct appeal by Michael Wiseman, Esquire and Benjamin Marshal, Esquire.

Defendant then filed a *pro se* petition under the Post-Conviction Relief Act ("PCRA") on July 26, 2016. David Rudenstein, Esquire was appointed to represent defendant on January 6, 2017. On May 25, 2017, pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), Mr. Rudenstein filed a letter stating there was no merit to defendant's claims for collateral relief. *See Finley* Letter of David Rudenstein, filed 5/25/2017 ("*Finley* Letter"). On June 23, 2017, the Court issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice"), of its intention to dismiss defendant's PCRA Petition without an evidentiary hearing. Defendant responded to the Court's 907 Notice on July 19, 2017. On August 25, 2017, the Court formally dismissed defendant's PCRA Petition and granted Mr. Rudenstein's motion to withdraw his appearance.

Defendant has now appealed the Court's dismissal of his PCRA Petition, raising a total of 22 issues, some duplicative, in a Statement of Errors and a Supplemental Statement of Errors. *See* 1925 (b) Concise Statement of Matters Complained of on Appeal ("Statement of Errors") at ¶¶ A-J; Supplement 1925 (b) Concise Statement of Matters Complained of on Appeal ("Supplemental Statement of Errors") at ¶¶ A-L. The issues set forth in the Statement of Errors are listed verbatim below in their entirety, without corrections (block capitals omitted):

> A. Whether appellant should be granted an arrest of judgment/dismissal as he was wrongfully prosecuted given that the municipal court (Judge Lipschutz) dismissed his case with prejudice (and discharged him) on May 27, 1982 (and the Commonwealth failed to file a Rule 132 motion and obtain approval for the reinstituting of the dismissed case nearly 5 years later, as required by Pa.R.Crim.P. 544 (A-B), due process and the equal protection of the law)?

2

B. Whether appellant should be granted relief in some form given that the Superior Court misconstrued the facts of the case and was lead to rely on fabricated and/or (knowingly used) perjured testimony (never corrected by the Commonwealth)?

C. Whether the trial court erred in denying the appellant's pre-trial motions to bar re-prosecution on double jeopardy grounds or, alternately, to conduct a hearing on whether the prosecutor intentionally withheld *Brady* evidence (in light of the Supreme Court's February 28, 2017 decision rendered in Commonwealth-b-Jawayne K. Brown; Commonwealth-v-Richard Brown; and Commonwealth-v-Aquil Bond, PA.Lexis 476 (No. 384 EAL 2016, No. 385 EAL 2016, No. 386 EAL 2016) and no factual findings ever being made by the original trial judge, or a hearing on further testimony, regarding the intent of the prosecutor)?

D. Whether the trial court erred and violated the appellant's right to due process when it excluded defense witnesses who would have placed an inculpatory statement in the proper context, thus challenging the Commonwealth's theory that the statement showed consciousness of guilt?

E. Whether the trial court erred when it admitted Michael Patterson's testimony that "Turtle" told him that appellant was the shooter and other testimony suggesting that Turtle was an eyewitness with the error allowing the Commonwealth to benefit from its earlier *Brady* violations all violating due process of law and the right to confrontation?

F. Whether the trial court erred when it admitted prior statements of Edward Jackson that improperly bolstered his in court testimony?

G. Whether the trial court erred and abused its discretion when it admitted a portion of the appellant's 1998 penalty phase testimony violating the appellant's right to due process of law because it was the product of earlier *Brady* violations?

H. Whether the trial court erred when it denied notions made during an after trial for discovery of the medical reasons for the five-day delay of Edward Jackson's testimony?

I. Whether trial and appellate counsel rendered ineffective assistance, in violation of the sixth amendment, for failing to provide evidence in the record on appeal to support his Judge Bronson erred in failing to allow the defense to inquire into the medical records of Edward Jackson to determine whether he had a problem with alcohol and drugs, evidence that appeared at the November 24, 1997 PCRA hearing and established the Commonwealth had deliberately misled the appellate court in its appellee brief in regards to Jackson's alcohol and drug problem?

3

J. Whether PCRA counsel rendered ineffective assistance, in violation of the sixth amendment, in failing to file an amended petition to raise the ineffective assistance of all prior counsel?

Statement of Errors at ¶¶ A-J. The issues set forth in the Supplemental Statement of Errors are listed verbatim below in their entirety, without corrections (block capitals omitted):

A. Whether appellant should be granted an arrest of judgment/dismissal as he was wrongfully prosecuted given that the municipal court (Judge Lipschutz) dismissed his case with prejudice [and discharged him] on May 27, 1982 (and the Commonwealth failed to file a Rule 132 motion and obtain approval for the reinstituting of the dismissed case nearly 5 years later, as required by Pa.R.Crim.P 544 (A-B), due process and the equal protection of the law)?

B. Whether appellant should be granted relief in some form given that the Superior Court misconstrued the facts of the case and was lead to rely on fabricated and/or (knowingly used] perjured testimony [never corrected by the Commonwealth)?

C. Whether the trial court lacked subject-matter jurisdiction to proceed to the merits of appellant's issues when appellant was on direct appeal and appellant counsel failed to consult appellant about filing a petition for allowance of appeal to the Pennsylvania Supreme Court to review issues E-J below and appellant filed a timely PCRA petition raising those issues showing he desired counsel to file a petition for allowance of appeal on direct appeal?

D. Whether the PCRA court erred in filing to grant an appeal *nunc pro tunc* for appellant to file a petition for allowance of appeal to the Pennsylvania Supreme Court with the appointment of new counsel in light of appellant counsel's failure to do so and PCRA counsel's failure to file an amended petition raising all prior counsels' (trial and appellant) ineffectiveness?

E. Whether the trial court erred in denying the appellant's pre-trial motions to bar re-prosecution on double jeopardy grounds or, alternatively, to conduct a hearing on whether the prosecutor intentionally withheld *Brady* evidence (in light of the Supreme Court's February 28, 2017 decision rendered in Commonwealth-v-Jawayne K. Brown; Commonwealth-v-Richard Brown; Commonwealth-v-Aquil Bond, Pa.Lexis 476 (No. 384 EAL 2016, No. 386 EAL 2016) and no factual findings ever bring made by the further testimony, regarding the intent of the prosecutor)?

F. Whether the trial court erred and violated the appellant's right to due process when it excluded defense witnesses who would have placed an inculpatory statement in the proper context, thus

4

challenging the Commonwealth's theory that the statement showed consciousness of guilt?

G. Whether the trial court erred when it admitted Michael Patterson's testimony that "Turtle" told him that appellant was the shooter and other testimony suggesting that Turtle was an eyewitness with the error allowing the Commonwealth to benefit from its earlier *Brady* violations all violating due process of law and the right to confrontation?

H. Whether the trial court erred when it admitted prior statements of Edward Jackson that improperly bolstered his in court testimony?

I. Whether the trial court erred and abused its discretion when it admitted a portion of the appellant's 1988 penalty phase testimony which said testimony violating the appellant's right to due process of law because it was the product of earlier *Brady*?

J. Whether the trial court erred when it denied motions made during an after trial for discovery of the medical reasons for the five-day delay of Edward Jackson's testimony?

K. Whether trial and appellate counsel rendered ineffective assistance, in violation of the sixth amendment for failing to: (1) provide evidence in the record on appeal to support his Judge Bronson erred in failing to allow the defense to inquire into the medical records of Edward Jackson to determine whether he had a problem with alcohol and drugs, evidence that appeared at the November 24, 1997 PCRA hearing and established that the Commonwealth had deliberately misled the appellate Court in its appellee brief in regards to Jackson's alcohol and drug problem; and (2) consult with appellant about filing a timely petition for allowance of appeal in the Pennsylvania Supreme Court and certiorari on direct appeal, where appellant filed a timely PCRA petition raising the same claims and showing his desire to do so?

L. Whether PCRA counsel rendered ineffective assistance, in violation of the Sixth Amendment, in failing to file an amended petition to raise the ineffective assistance of all prior counsel?

Supplemental Statement of Errors at ¶¶ A-L. For the reasons set forth below, defendant's claims are without merit or are waived, and the PCRA Court's order dismissing his PCRA Petition should be affirmed.

5

## II. FACTUAL BACKGROUND

This Court set forth the relevant facts in its opinion regarding defendant's direct appeal as follows.

> At trial, the Commonwealth presented the testimony of Newtown Township Police Lieutenant Charles Schuck, Philadelphia Police Lieutenant Daniel Judge, Philadelphia Police Detectives William Wynn (Ret.), Christopher Starr (Ret.), Lawrence Gerrard (Ret.), Leon Lubiejewski (Ret.), Roger Harmon (Ret.), and Gregory Rodden, Philadelphia Police Officer Raymond Andrejczak, Deputy Chief Medical Examiner Dr. Gary Collins, Michael Patterson, Robert Biggins, Harold Higgins, Quma Lamb, Cathy Lamb, and Edward Jackson. Defendant presented the testimony of Albert Levitt. Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence established the following.

> Ronnie Williams was defendant's adopted brother.[1] After Williams was murdered, defendant came to believe that Williams had been killed by Jamie Lamb.[2] N.T. 3/26/14 at 15. Michael Patterson, who knew both defendant and Lamb, spoke with defendant about Lamb sometime prior to August 3, 1981.[3] During that conversation, defendant told Patterson that he had heard Lamb "had something to do with killing [Ronnie Williams]," and that defendant "was going to get with Jamie," regardless of how long it took. N.T. 3/25/14 at 203-204.

> On August 3, 1981, at approximately 1:00 pm, Patterson went to Gainer's Tire Shop located at Fox Street and Lippincott Street in North Philadelphia. There, outside the shop, were defendant, Rodney Wells,[4] and Ford Howard. N.T. 3/25/14 at 190-193. While this group was together, Lamb, Kenny Mozelle, Jeffrey Rahming,[5] "Peanut,"[6] and Carl Rowland walked past. N.T. 3/25/14 at 193-194. Lamb was heading to the Sweet Joy Lounge, where his younger sister worked, at the corner of 24th Street and Allegheny Street in North Philadelphia. N.T. 3/25/14 at 80; 3/26/14 at 68-69. As he passed, Lamb smiled at defendant, who appeared angry in response. N.T. 3/25/14 at 194-195. Shortly after Lamb left, defendant, Howard, and Wells all left the Tire Shop, walking in the same direction that Lamb had gone. N.T. 3/25/14 at 196. Defendant was wearing a dark "apple jack" style hat. N.T. 3/25/14 at 197-198, 257-258.

> Minutes later, Lamb was in the back of the Sweet Joy Lounge. Defendant entered the lounge, walked into the rear section, and shot Lamb five times. N.T. 3/25/14 at 286; 3/27/14 at 99-102; 3/31/14 at 35-36. Defendant then attempted to flee the lounge, but tripped over Edward Jackson, one of the

---

[1] Ronnie Williams was also referred to as defendant's cousin Jock. N.T. 3/25/14 at 203-204; 3/26/14 at 16-17.

[2] Lamb's full name was William Jamar Lamb. N.T. 3/27/14 at 118.

[3] Patterson was also known as Buck. N.T. 3/25/14 at 253.

[4] Wells was also known as Hoppo. N.T. 3/25/14 at 191.

[5] Rahming was also known as Turtle. N.T. 3/31/14 at 172.

[6] Peanut's real name was not revealed during the trial.

patrons who had fallen to the floor when the shooting started. N.T. 3/31/14 at 36. Jackson was able to view defendant's face before defendant stood up and ran out of the building. N.T. 3/31/14 at 36-37. Upon exiting, defendant ran into a Cadillac, which sped away from the scene and failed to stop at a red light. N.T. 3/25/14 at 255-256, 260; 3/27/14 at 75-76. Wells owned a Cadillac Eldorado at the time of the shooting. N.T. 3/25/14 at 202.

At approximately 1:15 p.m., Patterson saw Rowland running down the street, yelling "[c]ome on, y'all, come on, come on," and that "[t]he little short guy just killed Jamie, they just passed us down there by the car." N.T. 3/25/14 at 199. Rowland further stated that "the little short guy" had just been with Howard and Wells. N.T. 3/25/14 at 199-200.

A few days after Lamb's death, Patterson was on the phone with defendant when Patterson stated, "Turtle says you killed Jamie." N.T. 3/25/14 at 201. Defendant replied that "Turtle needed to keep his name out of his mouth ... before he get plucked." N.T. 3/25/14 at 201.

On March 31, 1982, Jackson attended a line up and purposefully misidentified the shooter, selecting someone other than defendant. N.T. 3/31/14 at 43-44. Jackson did this because he had been visited by two men with a gun, approximately five months earlier, who told him to "mind [his] own business and don't say nothing to the cops about nothing." N.T. 3/31/14 at 41. Jackson informed homicide detectives that same day that he purposefully selected the wrong person. N.T. 3/31/14 at 45.

Trial Court Opinion, filed November 26, 2014, at pp. 2-4.

## III. DISCUSSION

If court-appointed counsel for a PCRA petitioner determines that the issues the petitioner raises for collateral review are meritless, and the PCRA court concurs, counsel may withdraw and the petitioner may proceed *pro se*, by privately retained counsel, or not at all. *Finley*, 550 A.2d at 218. To be permitted to withdraw, petitioner's counsel must file a no-merit letter, or "*Finley* letter," detailing the nature and extent of counsel's review and listing each issue the petitioner wished to raise, with counsel's explanation as to why the issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 (Pa. 2009) (quoting *Finley*, 550 A.2d at 215). After reviewing a *Finley* letter, the PCRA court is required to independently review the record to evaluate the petitioner's claims. *Id.* A PCRA petition may be dismissed without a hearing if the Court determines that there are no claims of arguable merit and no purpose

7

would be served by further proceedings. *Commonwealth v. Lignons*, 971 A.2d 1125, 1143 (Pa. 2009); *see* Pa.R.Crim.P. 907(1).

Some of defendant's claims are premised upon his contention that he received ineffective assistance of counsel. Under Pennsylvania law, counsel is presumed to be effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 (Pa. 2000), n.10 (citing *Commonwealth v. Copenhefer*, 719 A.2d 242, 250 (Pa. 1998)). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). If the PCRA court determines that any one of the three prongs cannot be met, then the court need not hold an evidentiary hearing as such a hearing would serve no purpose. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008).

1. CLAIMS FROM STATEMENT OF ERRORS

   A. *Previous Dismissal of the Case with Prejudice*

   Defendant first alleges that he "should be granted an arrest of judgment/dismissal as he was wrongfully prosecuted given that the municipal court (Judge Lipschutz) dismissed his case with prejudice (and discharged him) on May 27, 1982...." Statement of Errors at ¶ A.

8

This claim could have, but was not, raised on a direct appeal. It is therefore waived. 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, [or] on appeal"); *see Commonwealth v. Lambert*, 797 A.2d 232, 240 (Pa. 2001).

### B. Superior Court Error in Misconstruing Facts

Defendant next claims that he is entitled to relief as the Superior Court "misconstrued the facts of the case." Statement of Errors at ¶ B. The PCRA court, however, is without jurisdiction to review a decision of the Superior Court.

### C. Double Jeopardy

Defendant next alleges that the "the trial court erred in denying the appellant's pre-trial motions to bar re-prosecution on double jeopardy grounds or, alternately, to conduct a hearing on whether the prosecutor intentionally withheld *Brady* evidence...." Statement of Errors at ¶ C. This claim was raised in defendant's direct appeal and rejected by the Superior Court. *See* Superior Court Opinion, filed 6/3/16 at pp. 4-8. Because this claim was previously litigated on defendant's direct appeal, it is not cognizable under the PCRA. 42 P.A.C.S. § 9543(a)(3) & 9544(a)(2); *see Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016).

### D. Excluding Defense Witnesses at Trial

Defendant next alleges that the "trial court erred and violated the appellant's right to due process when it excluded defense witnesses who would have placed an inculpatory statement in proper context...." Statement of Errors at ¶ D. This claim was raised in defendant's direct appeal and rejected by the Superior Court. *See* Superior Court Opinion, filed 6/3/16 at pp. 9-12. Because this claim was previously litigated on defendant's direct appeal, it is not cognizable under the PCRA. 42 P.A.C.S. § 9543(a)(3) & 9544(a)(2); *see Johnson*, 139 A.3d at 1272.

9

*E. Admission of Michael Patterson's Testimony*

Next, defendant claims "the trial court erred when it admitted Michael Patterson's testimony that 'Turtle' told him that appellant was the shooter and other testimony suggesting that Turtle was an eyewitness with the error allowing the Commonwealth to benefit from its earlier *Brady* violations...." Statement of Errors at ¶ E. This claim was raised in defendant's direct appeal and rejected by the Superior Court. *See* Superior Court Opinion, filed 6/3/16 at pp. 9-12. Because this claim was previously litigated on defendant's direct appeal, it is not cognizable under the PCRA. 42 P.A.C.S. § 9543(a)(3) & 9544(a)(2); *see Johnson*, 139 A.3d at 1272.

*F. Prior Statements of Edward Jackson*

Next, defendant claims that the trial court erred in admitting prior statements of Edward Jackson because they improperly bolstered his in-court testimony. Statement of Errors at ¶ F. This claim was raised in defendant's direct appeal and rejected by the Superior Court. *See* Superior Court Opinion, filed 6/3/16 at pp. 21-28. Because this claim was previously litigated on defendant's direct appeal, it is not cognizable under the PCRA. 42 P.A.C.S. § 9543(a)(3) & 9544(a)(2); *see Johnson*, 139 A.3d at 1272.

*G. Admission of Penalty Phase Testimony from Prior Trial*

Next, defendant claims that the trial court abused its discretion when it admitted a portion of his 1988 penalty phase testimony. Statement of Errors at ¶ G. This claim was raised in defendant's direct appeal and rejected by the Superior Court. *See* Superior Court Opinion, filed 6/3/16 at pp. 29-31. Because this claim was previously litigated on defendant's direct appeal, it is not cognizable under the PCRA. 42 P.A.C.S. § 9543(a)(3) & 9544(a)(2); *see Johnson*, 139 A.3d at 1272.

*H. Denial of Motions for Discovery regarding Witness Edward Jackson*

Next, defendant claims that that the trial court erred in denying his motions seeking discovery pertaining to the medical reasons for the five-day delay in the testimony of Commonwealth witness Edward Jackson. Statement of Errors at ¶ H. This claim was raised in defendant's direct appeal and rejected by the Superior Court. *See* Superior Court Opinion, filed 6/3/16 at pp. 31-33. Because this claim was previously litigated on defendant's direct appeal, it is not cognizable under the PCRA. 42 P.A.C.S. § 9543(a)(3) & 9544(a)(2); *see Johnson*, 139 A.3d at 1272.

*I. Ineffective Assistance of Counsel regarding Edward Jackson's Medical Records*

Defendant next claims that both trial and appellate counsel were ineffective for not presenting evidence regarding Edward Jackson's prior drug and alcohol problems in order to support the claim that the trial court erred in denying defendant access to Jackson's medical records. Defendant cites to testimony from a hearing held in 1997 regarding a prior PCRA petition, in which Jackson admitted that he had a history of alcohol abuse. Statement of Errors at ¶ I.

First, trial counsel could not have been ineffective in failing to obtain and present evidence of Jackson's drug and alcohol problems, since he made every possible effort to do so. When Jackson failed to appear for trial due to a claimed illness, the prosecutor asked for a brief continuance and presented a note from Jackson's doctor stating that Jackson had the flu and was unable to attend court. N.T. 3/27/2014 at 6-7. Notwithstanding the doctor's note, counsel demanded access to the medical records to determine if the actual problem was related to "alcohol, drugs, some other illness that may impact on credibility, his ability to recall[.]" N.T. 3/27/14 at 8. Because the Court had observed Jackson in court the day before exhibiting flu-like symptoms, and since the doctor's note stated that Jackson had the flu, the Court denied the request. N.T. 3/27/2014 at 9.

11

Moreover, when Jackson subsequently testified at the trial, counsel attempted to ask him on cross-examination whether he had "a history of alcohol problems." N.T. 3/31/2014 at 98-99.[7] Jackson admitted that he had "quite a bit to drink" just before the shooting, allowing counsel to argue that he was an impaired witness. N.T. 3/31/2014 at 99. There was nothing more that trial counsel could do.

As for appellate counsel, it is true that the Superior Court, in rejecting defendant's claim that the Court erred in denying defendant access to Jackson's medical records, stated that there was no evidence in the record that Jackson suffered from drug or alcohol problems, and that defendant did not point to any such evidence in his brief. *See* Superior Court Opinion, filed 6/3/16 at pp. 33. However, even if appellate counsel had marshalled all of the evidence of alcohol consumption and presented it to the Superior Court, it would not have changed the Superior Court's decision. As the Superior Court stated, the decision whether to allow access to Jackson's medical records was vested in the discretion of the trial court. Superior Court Opinion, filed 6/3/16 at pp. 33. Here, the trial court had personally observed Jackson demonstrating flu-like symptoms, and his flu was confirmed by a doctor's note. Also, as the Superior Court noted, "defense counsel was free to cross-examine Jackson regarding any factor that may have impacted his ability to testify truthfully or recall the events in question," Superior Court Opinion, filed 6/3/16 at pp. 33, and defense counsel did so extensively. Counsel brought out in detail Jackson's *crimen falsi* conviction, the poor lighting conditions, Jackson's prior inconsistent statements, his lack of opportunity to observe, his consumption of alcohol on the day of the shooting, his prior misidentification at a lineup, and other factors bearing upon credibility. N.T. 3/31/2014 at 64-120, 136-139. A fishing

---

[7] The Court sustained the Commonwealth's objection to this question, but permitted counsel to ask about Jackson's alcohol consumption on the day of the murder and before speaking to the police. N.T. 3/31/2014 at 98-100.

12

expedition into Jackson's medical records was not appropriate and could not have affected the outcome of defendant's trial. No relief is due.

*J. Ineffective Assistance of PCRA Counsel*

Defendant next contends that "PCRA Counsel rendered ineffective assistance, in violation of the Sixth Amendment in failing to file an amended petition to raise the ineffective assistance of all prior counsel." Statement of Errors at ¶ J. Defendant fails, however, to identify the specific claims of ineffective assistance of counsel that PCRA counsel should have raised. Accordingly, this claim is waived. *See Commonwealth v. Cannon*, 954 A.2d 1222, 1228 (Pa. Super. 2008), *app. denied*, 964 A.2d 893 (Pa. 2009) (where a defendant makes a vague and generalized objection on appeal that leaves the trial court to guess at his claims, those claims are deemed to have been waived).

## 2. CLAIMS FROM SUPPLEMENTAL STATEMENT OF ERRORS

Ten of the claims set forth in defendant's Supplemental Statement of Errors are identical to claims set forth in his Statement of Errors and are, therefore, not addressed further below. The duplicative claims are as follows, with the corresponding letter headings from the Statement of Errors set forth in parentheses: A (A above); B (B above); E (C above); F (D above); G (E above); H (F above); I (G above); J (H above); K (I above); and L (J above). The remaining two claims are addressed below, preserving the letter headings from the Supplemental Statement of Errors for ease of reference.

*C. Subject Matter Jurisdiction and Failure to Petition for Allowance of Appeal*

Defendant next claims that he is entitled to relief since: 1) the Court lacked subject-matter jurisdiction to proceed to the merits of defendant's PCRA petition while defendant's direct appeal was pending; and 2) appellate counsel failed to consult with defendant about filing a petition for allowance of appeal to the Pennsylvania Supreme Court. Supplemental Statement of Errors at ¶ C.

13

As to the first of defendant's claims, the Court did not rule on the merits of defendant's PCRA petition while his case was pending on direct appeal. On July 6, 2016, the Superior Court affirmed defendant's judgment of sentence. Defendant did not file his PCRA petition until July 26, 2016, and the Court did not rule on the petition until August 25, 2017. Accordingly, this claim is without merit.

As for defendant's claim that appellate counsel failed to consult with him about filing a petition for allowance of appeal to the Pennsylvania Supreme Court, this claim was never presented to the PCRA court and is therefore waived. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084-85 (Pa. Super. 2014) (issues not raised in the PCRA court in a PCRA petition, amended petition, or 907 response, are waived and cannot be raised for the first time on appeal).

*D.  Failing to Reinstate Defendant's Right to Seek Supreme Court Review*

Defendant next claims that "the PCRA Court erred in f[a]iling to grant an appeal *nunc pro tunc* for appellant to file a petition for allowance of appeal to the Pennsylvania Supreme Court with the appointment of new counsel in light of appellant counsel's failure to do so and PCRA counsel's failure to file an amended petition raising all prior counsels' (trial and appellant) ineffectiveness." Supplemental Statement of Errors at ¶ D. This claim was never presented in the PCRA court and is therefore waived. *Rigg*, 84 A.3d at 1084 (issues not raised in the PCRA court in a PCRA petition, amended petition, or 907 response, are waived and cannot be raised for the first time on appeal).

14

## IV. CONCLUSION

For all of the foregoing reasons, the Court's order dismissing defendant's PCRA petition should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J

Commonwealth v. Zachary Wilson                    CP-51-CR-0929501-1986
Type of Order: 1925(a) Opinion

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel/Party:**

>Zachary Wilson
>AM-8465
>SCI Graterford
>P.O. Box 244
>Graterford, PA  19426-0246

Type of Service:        ( ) Personal (**X**) First Class Mail ( ) Other, please specify:

**District Attorney(s):**

>Hugh J. Burns, Jr., Esquire
>Chief, Appeals Unit
>Philadelphia District Attorney's Office
>Three South Penn Square
>Philadelphia, PA  19107

Type of Service        ( ) Personal (**X**) First Class Mail ( ) Other, please specify:

**Additional Counsel/Party:**

>Joseph D. Seletyn, Esquire
>Prothonotary
>Office of the Prothonotary – Superior Court
>530 Walnut Street, Suite 315
>Philadelphia, PA 19106

Type of Service:        ( ) Personal (**X**) First Class Mail ( ) Other, please specify:

Dated: December 18, 2017

Aaron B. Wicker
Law Clerk to Hon. Glenn B. Bronson